In The

Fourteenth Court of Appeals

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

NOV 25 2015

CHRISTOPHER A. PRINE
CLERK

No 14-15-00817-CR **MAILED**

Lonnie J. Bush, Appellant

v.

The State of Texas,

On Appeal from the 178th Dist. Court
Harris County, Texas
Trial court Cause No. 1437015

Second Motion to Reinstate Appeal
And Response to Abatement Order

To The Honorable Judges of said Court

Comes Now, Lonnie J. Bush, Appellant, in the above
entitled cause number, with this, Appellant's
Second motion to Reinstate appeal and Response
to Abatement order, Pursuant Art. 44.01,
Tex. Code Crim. Proc. Ann. And Appellant
will show the following:

(1)

# I

## Right to Appeal

Appellant states that on September 14, 2015, He sought an appeal to the 178th District Court of Harris County, Texas for the conviction of the offense of evading Arrest In Which The State Assessed Punishment at (8) years TDCJ, when appellant was under the Belief from his court appointed Attorney, that he was Receiving (8) months TDCJ State Jail Time.

In accordance, With "Missouri v. Frye," 132 S. CT. 1399, 1405-06 (2012). Appellant is Guaranteed the Right through the Sixth Amendment of The U.S. Constitution to Appeal His conviction When counsel had misled him of the Amount of time He would serve. Based on inadequate advice "Missouri, 132 S CT. at 1406, and had counsel adequately communicated the term of the plea bargain Agreement, Appellant "would have elected to plead Not Guilty and proceed to trial" " Missouri 132 S. CT. at 1406 In the current case Appellant's Attorney "knowingly and intentionally misled the defendant to sign court documents

beleiving he would receive (8) month TDCJ-State Jail time Rather than (8) years TDCJ-ID time. Therefore, Appellant was severely prejudiced from counsel's advice.

## II
### Response

Appellant states it's Not Enough for Counsel to state "Sign here, Sign there" as effectively communicating the States offer and waiving any opportunity to the Right to Appeal. As was done to appellant during the pretrial process and by appointed appellant counsel on appeal. In both instances, Appellant was misled by Appointed counsels on False Belief put forth by Appointed counsels and comprehension on part of the Appellant. To use Rule 25.2 (a)(2), Tex. R. App. Proc. to deny appellant the Right to appeal, when he was misled, not once, but twice from Appointed counsels would leave the Appellant handicapped and would Render Rule 25.2 (a)(2), Tex R. Proc. unconstitution under the Sixth Amendment U.S.C.A.

(3)

accordance with Missouri v. Frye, 132 S. Ct.
1399 1411 (2012). Furthermore, This court has
Jurisdiction of The Appellant's Appeal, Pursuant
to Art. 4.01 Tex Code Crim Proc. Ann

Prayer

Wherefore, Premised Considered, Appellant Request
That This Court Grant appellant's Second motion
to Reinstate Appeal. It is so Prayed

Respectfully Submitted

Unsworn Declaration

(4)

INDIGENT

7700220627O

HARRIS COUNTY SHERIFF'S OFFICE JAIL

Name: _Lonnie L Bush_

SPN: _01822029_   Cell: _7J2_

Street: _701 N San Jacinto_

Houston, Texas 77002



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002 $ 000.48⁵
02 4W
0000334684 NOV. 23. 2015

N HOLSTON
TX 773   HCSO
23 NOV '15
PM 2 L

_Fourteenth Court of Appeals_
_301 Fannin Suite 245_
_Houston, Tx 77002_